951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ram W. MANWANI, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY; Richard B. Erickson,
et al., Defendants-Appellees.
 Nos. 90-55914, 90-56197.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided Dec. 20, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed several counts of Ram Manwani's complaint arising from his dismissal by Metropolitan Life Insurance Company and granted summary judgment as to the balance. The district court also awarded $75,813 in attorneys fees. Manwani's wife did not appeal the dismissal of her claims for loss of consortium.
 
 
 3
 Manwani was employed pursuant to written conditions extended to him at the time he was promoted to sales manager and again when he was promoted to branch manager. Both notices of appointment provided:
 
 
 4
 You are hereby appointed a sales manager [branch manager] of Metropolitan Life Insurance Company....
 
 
 5
 V. Your appointment may be terminated by Metropolitan without advance notice for breach of any of the conditions of your appointment and also at any time by two weeks notice (or two weeks compensation in lieu thereof) in writing....
 
 
 6
 Since Manwani was given two weeks pay in lieu of notice, he was terminated under the at-will provisions of the conditions of employment and the employer need not prove cause. Foley v. Interactive Data Corp., 765 P.2d 373, 376 (Cal.1988).
 
 
 7
 In order to prevail on his claim of discrimination based on his national origin, Manwani must show three things. First, he must show that he is a member of a protected class and second, that he was qualified to do the job that he held at the time of termination. See McDonnel Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Finally, he must show that it was more likely than not that his employer's actions were motivated by discriminatory reasons. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 8
 Metropolitan Life advanced a number of reasons for Manwani's discharge based on Manwani's conduct which was unrelated to his Indian national origin. Manwani specifically controverted some of these accusations, thus creating issues of fact which would preclude summary judgment. There were other reasons put forth by Metropolitan Life, however, which negate the proposition that it was more likely than not that Manwani's discharge was for improper purposes. These charges demonstrated sufficient and non-pretextual grounds for discharge and Manwani did not specifically controvert them. Some of those charges were:
 
 
 9
 (1) Manwani paid part of a customer's premium with a personal check against the customer's wishes. This entitled Manwani to a $5,000 bonus even though the policy was later cancelled by the customer and Manwani had to return the bonus. Manwani replied that he had used a company check to loan money to a policyholder with his supervisor's consent. He did not specifically name the customer he was referring to nor cross-reference his reply to the named customer referred to in the company's statement of reasons.
 
 
 10
 (2) Manwani imprudently sold an elderly woman a high risk growth fund which affected her adversely. She later filed a complaint against Manwani with the National Association of Securities Dealers. Manwani merely responded, "I sold a regular risk mutual fund to an older woman. Metropolitan authorized this sale."
 
 
 11
 (3) Manwani permitted employees to hold outside employment against company policy. Manwani's supervisor learned that one of the agents supervised by Manwani would come to the office wearing a Shell gas station attendant's uniform. He told Manwani to have the agent discontinue his outside employment or terminate him. Manwani's response to this allegation: "I only permitted sales representatives to hold outside employment when it was expressly or impliedly authorized by my immediate supervisor."
 
 
 12
 (4) Manwani used company stationery, supplies and employee time for personal religious purposes. His supervisor learned of one incident where an invitation to a religious meditation printed on company stationery had been distributed by Manwani. The supervisor informed Manwani that it was improper and should not happen again. He also told Manwani this was a serious violation of company policy and if it occurred again it could result in his termination. It did happen again--less than a year later. In addition, Manwani sent his daughter's wedding invitation on company stationery, using company stamps and personnel for the mailing. Manwani did not controvert these statements but merely stated he did the mailings for Metropolitan's benefit, not his own.
 
 
 13
 (5) Manwani misquoted an interest rate to a customer on an annuity sold by another agent. The customer cancelled the annuity and the other agent lost his commission. Manwani's response was that, "I and Mr. Erickson together sold an annuity with an alleged misquoted interest rate."
 
 
 14
 These charges sufficiently demonstrated a nondiscriminatory basis for his termination and Manwani's responses did not specifically controvert them. Consequently, the district court's decision in favor of Metropolitan was appropriate.
 
 
 15
 Manwani challenges the attorneys fees awarded as excessive. However, Manwani listed almost thirty witnesses for trial and more than one hundred exhibits. The summary judgment was granted close to the trial date after extensive discovery. The charges were itemized by Metropolitan's attorneys and Manwani has not challenged any of the specific items as unnecessary or duplicative. The award will not be disturbed on appeal.
 
 
 16
 We have considered Manwani's other claims and find them to be without merit.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3